## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOHN L. HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.     Plaintiff John L. Howell brings this action to secure redress from unlawful credit reporting practices of defendant Experian Information Solutions, Inc. ("Experian"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.     Venue in this District is proper because defendant is subject to jurisdiction here.

## PARTIES

4.     Plaintiff John L. Howell is an individual who resides in Frankfort, IL.

5.     Defendant Experian is a credit reporting agency that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

## FACTS

6.     Plaintiff's full name is John Lawrence Howell.

7.     Experian has been merging plaintiff's credit file with that of a John Mike Howell who has judgments against him from the Adams County Circuit Court and the Pike

County Circuit Court, and has several bad accounts in his name. Plaintiff has repeatedly disputed this with Experian, but Experian repeatedly deletes these accounts from plaintiff's credit report and then again reinserts the accounts that belong to a John Mike Howell on plaintiff's credit report.

8.    In 2002, plaintiff discovered that Experian was incorrectly reporting John M. Howell's accounts on plaintiff's credit report when plaintiff applied for a home loan. Plaintiff was denied the loan, and plaintiff's wife had to take the loan entirely in her own name.

9.    In 2006, plaintiff applied for a home loan again but was again denied because of plaintiff's poor credit score resulting from the erroneous entries.

10.    Accounts that belong to John Mike Howell intermittently appear on plaintiff's credit reports.

11.    Plaintiff has repeatedly written to Experian in an effort to have the problem corrected.

12.    Despite plaintiff's multiple disputes to Experian, John Mike Howell's accounts continue to intermittently appear on plaintiff's reports.

13.    In early 2006, believing that he was a victim of identity theft because of the continued problem, plaintiff placed a fraud alert on his credit reports, indicating that a person was appearing on his credit report in error.

14.    From 2006 through 2009, plaintiff filed numerous police reports and ID Theft Affidavits indicating that a John M. Howell has used his social security number to open accounts which do not belong to plaintiff. Copies of some of these police reports and ID Theft reports are attached as Exhibit A.

15.    In February 2009, plaintiff and his wife applied for a home loan and again discovered that Experian was once again erroneously reporting John M. Howell's accounts as belonging to plaintiff on plaintiff's credit report. A copy of plaintiff's 2009 credit report is attached as Exhibit B. The only accounts which appear unredacted on the attached Exhibit B

2

belong to John M. Howell. These accounts have been erroneously merged with plaintiff's credit report.[1]

16.     In March 2009, plaintiff again disputed these erroneous entries with Experian, but was informed that Experian would not remove these accounts from plaintiff's consumer file.

17.     Plaintiff has supplied Experian with the information in Exhibit C, which includes police reports about the possible identity theft.  Experian has ignored it, and continues to merge John M. Howell's credit information with plaintiff's.

18.     Because of plaintiff's poor credit score resulting from the erroneous entries, he was not approved for the home loan.

19.     John Mike Howell has worse credit than plaintiff.   Among other things, John Mike Howell has several outstanding debts and court judgments against him which appear on plaintiff's 2009 credit report attached as Exhibit B. The judgments include those from the Adams County Circuit Court and the Pike County Circuit Court. The debts include those from the Cook County Reg Chicago, Chase Bank, Creditors Service Bureau, HSBC Bank, and NCO-Medcl.  Of the ten potentially derogatory items listed on Exhbt B, only one actually belongs to plaintiff, a tax lien filed in Will County which has been paid off (redacted in Exhibit B). The other nine derogatory items belong to the John Mike Howell, including multiple active collection accounts.

20.     As a result of Experian merging plaintiff's file with that of John Mike Howell , plaintiff has been denied credit.  A copy of one credit denial relating to plaintiff's application is attached as Exhibit D.  The grounds cited were caused by the merger of files.

21.     Experian failed to take the necessary steps to insure that the inaccurate

---

[1]All of John M. Howell's personal account numbers which erroneously appear on plaintiff's credit report attached as Exhibit B have been redacted for the privacy and protection of John M. Howell.  All accounts which actually belong to plaintiff John L. Howell have been entirely redacted and removed from Exhibit B.

information was permanently blocked from being reported in plaintiff's consumer file, in violation of 15 U.S.C. §1681s-2(b)(1)(E).

22.    Experian failed to take the necessary steps to insure that the inaccurate information was not reinserted into plaintiff's consumer credit file.

23.    Experian failed to maintain and use reasonable procedures to prevent the reappearance of the inaccurate information in plaintiff's consumer credit file, in violation of 15 U.S.C. §1681i(a)(5)(C).

24.    Despite receiving multiple disputes directly from plaintiff, Experian did not list the accounts as disputed, in violation of 15 U.S.C. §1681s-2(a)(3).

25.    Experian failed to notify plaintiff each time the inaccurate information was reinserted into his credit file, in violation of 15 U.S.C. §1681i(a)(5)(B)(ii).

26.    Plaintiff has suffered actual damages in the denial of home loans and in being prevented from applying for loans in his name, and has also suffered emotional distress, and spent extensive time and money attempting to correct the problem.

## COUNT I – FCRA

27.    Plaintiff incorporates ¶¶1-26.

28.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, Experian is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

29.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

30.    Under the FCRA, Experian is required  to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

**(a)  Reinvestigations of disputed information**

**(1) Reinvestigation required**

**(A) In general.Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.**

**(B) Extension of period to reinvestigate. Except as provided in subparagraph (c), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

**(C) Limitations on extension of period to reinvestigate. Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.**

**(2) Prompt notice of dispute to furnisher of information**

**(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.**

**(B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).**

**(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

**(5) Treatment of inaccurate or unverifiable information**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and**
**(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer**

31.     Experian willfully or negligently (a) failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report, (c) failed to obtain certification prior to reinserting the inaccurate information into plaintiff's credit file, and (d) failed to provide plaintiff with the appropriate notice each time it reinserted the inaccurate information back into plaintiff's consumer credit file.

32.     Plaintiff was damaged as a result in being denied credit, being prevented from applying for loans in his name, and suffering from emotional distress, and spending time and money to correct the problem.

33.     Experian violated 15 U.S.C. §1681n and/or §1681o.

34.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

35.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

6

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1) any actual damages sustained by the consumer as a result of the failure;**

> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

36.    Section 1681p provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
**(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
**(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and

against Experian for:

(1)    Appropriate actual, punitive and statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

7

(312) 739-4200
(312) 419-0379 (FAX)

### JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)